**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDALL WAYNE GRIMES, | No. 11-56055 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-02843-PA-PJW |
| v. | |
| ARRON PFIEL, Correctional Officer; ARMANDO H. MARTINEZ, Correctional Officer, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

California state prisoner Randall Wayne Grimes appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging excessive force

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and deliberate indifference to safety. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008) (judgment as a matter of law); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm.

The district court properly granted judgment as a matter of law on Grimes's excessive force claim because, viewing the evidence in the light most favorable to Grimes and drawing all inferences in his favor, the evidence at trial permitted only one reasonable conclusion—that defendants used reasonable force to regain control over Grimes during an escort. *See Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002) ("Force does not amount to a constitutional violation . . . if it is applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'" (citation omitted)).

The district court properly granted summary judgment on Grimes's deliberate indifference claim because Grimes failed to raise a genuine dispute of material fact as to whether defendants were aware of a risk to his safety from being double-celled with another inmate. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (for deliberate indifference claim, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

11-56055

Grimes's remaining contentions, including that he had a constitutional right to be single-celled and that defendants' alleged failure to follow various prison rules and regulations violated the Eighth Amendment, are not supported by the record and contrary to established law. *See Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1051-52 (9th Cir. 2002) (there is no constitutional prohibition against double-celling and negligent failure to follow prison rules is not a constitutional violation).

**AFFIRMED.**